Minute Order Form (6/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | John W. Darrah |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4384 | **DATE** | 8/21/2002 |
| **CASE TITLE** | SYED SHAH vs. BRIAN PERRYMAN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
       ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Petitioner's in-court hearing held. Enter Memorandum Opinion And Order. Based on the foregoing, Shah's Amended Emergency Petition To Stay Deportation is denied due to lack of subject matter jurisdiction under 8 U.S.C. 1252(g).

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | AUG 23 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 02 AUG 22 PM 7:12 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SYED PARVAIZ HUSSEIN SHAH, | ) | |
| | ) | Case No. 02 C 4384 |
| Petitioner, | ) | |
| | ) | Hon. John W. Darrah |
| v. | ) | |
| | ) | |
| BRIAN PERRYMAN, District Director | ) | |
| of INS; JAMES W. ZIGLER, | ) | |
| Commissioner of INS; and JOHN | ) | |
| ASHCROFT, | ) | |
| | ) | |
| Respondents. | ) | |

DOCKETED
AUG 23 2002

AUG 2 3 2002

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner's, Syed Parvaiz Hussein Shah's ("Shah"), Amended Emergency Petition to Stay Deportation against Brian Perryman, District Director of the Immigration and Naturalization Service ("INS"); James W. Zigler, Commissioner of the INS; and John Ashcroft, the Attorney General of the United States (collectively, "the Government").

Shah was paroled into the United States pending the filing of a Claim for Political Asylum. Shah filed such a claim in 1996, which was denied; and Shah was ordered deported. Shah appealed the denial of his application for political asylum to the Board of Immigration Appeals ("BIA") in 1997. The appeal was denied in 1997; and a warrant for deportation was issued against him. Shah did not appeal the BIA's decision; and, thus, the order of deportation became final in 1997. However, Shah remained in the United States. On August 16, 1996, Shah married Tasneem Kausar Shah, a lawful permanent resident of the United States. Mrs. Shah filed a petition for permanent residency on her husband's behalf in May 1997.

Shah filed a Petition for a Writ of Habeas Corpus, a Complaint for Declaratory and Injunctive Relief, and an Emergency Petition to Stay Deportation on Friday, August 16, 2002. The Emergency Petition was presented to the Court, and the matter was continued to Tuesday, August 20, 2002; and the Court was advised by the Government that Shah was to be deported to Pakistan at 5:00 p.m. Eastern Daylight Savings Time August 21, 2002. The matter was set for hearing at noon on August 21, 2002.

Shah filed an Amended Petition to Stay Deportation, and the Government filed a response on August 20, 2002. In its response, the Government contends that the information attached to the Government's Response proves the allegations in Shah's original and amended complaints, which form the basis of the relief sought, are false. Specifically, Shah filed a request for adjustment which contains a materially false assertion that Shah had immediately available an approved visa number. This was untrue because Shah was ineligible at the time to receive a visa due to the deportation order pending against him, which rendered him inadmissible to the United States. Moreover, Shah is not presently eligible to apply for an adjustment.

The Government also contends that this Court lacks subject matter jurisdiction under 8 U.S.C. § 1252(g) (2002). *See Reno v. American-Arab Anti-Discrimination Comm. ("AADC")*, 525 U.S. 471 (1999).

Section 1252 provides, in pertinent part, that:

Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). In *AADC*, the Supreme Court held that this bar on judicial review applies only

to actions "arising from" the three discrete actions stated in the statute – (1) commencing proceedings, (2) adjudicating cases, and (3) executing removal orders. 525 U.S. at 482. "The '[e]xcept as otherwise provided' clause . . . allows review of removal orders in the courts of appeal, see § 1252(a)(1), but review by district courts is not 'otherwise provided in this section' and[,] therefore[,] is blocked." *Sharif v. Ashcroft*, 280 F.3d 786, 787 (7th Cir. 2002). "A request for a stay of removal 'arises from' the Attorney General's decision . . . to execute a removal order." *Sharif*, 280 F.3d at 787. Here, Shah seeks a stay of the order of deportation, which "arises from" the Attorney General's decision to deport him. Therefore, this Court lacks jurisdiction over his petition under § 1252(g) unless Shah fits within the exception to this jurisdictional bar. *See Chapinski v. Ziglar*, 278 F.3d 718, 721 (7th Cir. 2002).

Judicial review will be permitted in cases that present "substantial constitutional issues or bizarre miscarriages of justice." *Chapinski*, 278 F.3d at 721 (citing *Bhatt v. Reno*, 204 F.3d 744, 747 (7th Cir. 2000)). Shah has not identified any constitutional violation or demonstrated that there will be a miscarriage of justice if he is deported. In both his original and amended emergency petitions, Shah alleges that his two young children, who are United States citizens, will suffer a tremendous hardship if he is deported because they are dependent on him. However, both children were born in or after 1997, at the time the final order of deportation was entered against him. Yet, Shah did not move to reopen his case to apprise the INS of the children. Thus, Shah's case is not within the exception to § 1252(g)'s jurisdictional bar.

Based on the foregoing, Shah's Amended Emergency Petition to Stay Deportation is denied due to lack of subject matter jurisdiction under 8 U.S.C. § 1252(g).

Dated: August 21, 2002

JOHN W. DARRAH
United States District Judge